## JOHN LOWE v. THE STATE.

No. 613.   Decided June 15, 1910.

**Perjury—Indictment—Time and Place.**

   Where, upon trial of perjury, the matters about which the indictment charged the defendant had testified and which was alleged as the material inquiry in a judicial proceeding and alleged to have occurred at a certain time and place, and the remaining part of the indictment did not limit this matter to the time and place first alleged, the indictment was fatally defective.

Appeal from the District Court of Atascosa.   Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Jas. A. Waltom* and *Geo. M. Martin* and *W. W. Walling,* for appellant.—On question of insufficiency of indictment: Schoenfeld v. State, 56 Texas Crim. Rep., 103, 119 S. W. Rep., 101; Shely v. State, 35 Texas Crim. Rep., 190, 32 S. W. Rep., 902.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment charges perjury. The perjury is charged to have been committed in a divorce proceeding in the District Court wherein Maud Duderstadt was plaintiff and J. E. Duderstadt defendant.   After setting out the usual matters in regard to the court being in session and the cause on trial, and that appellant appeared as a witness, and having been sworn, the indictment then recites that issue was joined between the parties and "it then and there became and was a material inquiry and question as to whether J. E. Duderstadt at the house of one Wiley Lee called Maud Duderstadt a liar and raised his hand to strike her, and the said John Lowe, being so sworn as aforesaid, then and there upon the trial of said issue upon his oath as aforesaid did falsely, wilfully and deliberately before said Hon. E. A. Stevens, judge, as aforesaid, and before the jurors so sworn as aforesaid, depose, state and testify amongst other things in substance and to the effect following, that is to say, J. E. Duderstadt abused Maud Duderstadt, calling her a liar and raised his hand to strike her, which said state-

ment so made by the said John Lowe was then and there material to the issue in said cause for the purpose of showing the defendant, J. E. Duderstadt, was guilty of cruel treatment toward his wife, Maud Duderstadt, plaintiff in said cause. Whereas, in truth and in fact the said J. E. Duderstadt did not abuse the said Maud Duderstadt, and did not call her a liar and did not raise his hand to strike her, and which said statement so made by the said John Lowe as a witness in said case and in the manner and form as aforesaid was deliberately and wilfully made and was deliberately and wilfully false," etc.

Motion to quash the indictment was made upon several grounds. Among others, that the material inquiry and question was that at the house of Wiley Lee, J. E. Duderstadt called Maud Duderstadt a liar and raised his hand to strike her. Whereas, the witness, defendant, did not testify as to any occurrence at Wiley Lee's house, but did testify in a general way in substance and to the effect that J. E. Duderstadt abused Maud Duderstadt, calling her a liar and that even the traverse part of the indictment did not show that these matters occurred at the house of Wiley Lee. It may be seen from the statement in the indictment that the material inquiry was if the fact that J. E. Duderstadt called Maud Duderstadt a liar and raised his hand to strike her occurred at the house of Wiley Lee. The testimony given by appellant did not place this matter at the house of Wiley Lee, so far as the indictment alleges. We are of opinion therefore that this point is well taken. Having alleged the material inquiry was what occurred at the house of Wiley Lee, the remaining part of the indictment with reference to the conversation, and the traverse of its truth should have been limited to the material inquiry as to whether these matters occurred at the house of Wiley Lee. The matters about which the indictment charges appellant testified, so far as the face of the indictment is concerned, may or may not have occurred at some other place or time. The material inquiry was that these matters occurred and at the residence of Wiley Lee. This was the time and place fixed by the indictment as the material inquiry. That inquired about or testified about may have been at another time and place. At least, the indictment does not limit it at Wiley Lee's house so far as the testimony of appellant is concerned. We are of opinion the indictment is defective and fatally so.

There are other questions in the case of importance, but under the view taken of the motion to quash and insufficiency of the indictment, these matters are not discussed.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*